UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INS. CO., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DETAIL CONSTRUCTION & WATERPROOFING, INC.,<br><br>Defendant. | Case No. 5:16-cv-06042-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 10 |

Plaintiffs Associated Industries Ins. Co. (AIIC) and AmTrust International Underwriters Limited (AmTrust) filed this insurance action, invoking diversity jurisdiction, 28 U.S.C. § 1332. They seek a declaratory judgment that they need not defend or indemnify defendant Detail Construction & Waterproofing (DCW) against claims pending in a state court lawsuit. Plaintiffs also seek reimbursement of defense costs incurred in the underlying state court action, as well as costs incurred here.

In the present federal action, DCW was served with process (Dkt. 7), but failed to answer or otherwise respond to the complaint. At plaintiffs' request, the Clerk of the Court entered defendant's default on November 22, 2016. (Dkt. 9).

Plaintiffs now move for default judgment. DCW was served with notice of this motion (Dkt. 10-5), but the court has received no response, and the time for briefing has closed. Although

1 plaintiffs have consented to proceed before a magistrate judge, 28 U.S.C. § 636(c); Fed. R. Civ. P.
73, defendant has never appeared and is in default. Accordingly, this court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that plaintiffs' motion for default judgment be granted.

**BACKGROUND**

The complaint alleges the following:

Plaintiff AIIC is a Florida corporation, authorized and engaged in the business of writing insurance in California as an approved surplus line insurance carrier. (Dkt. 1, Complaint ¶ 4). AmTrust is an Irish limited company and alien surplus lines insurance carrier, duly licensed, authorized, and engaged in the business of issuing insurance policies in California. (Id.). DCW is alleged to be a California corporation. (Id. 5).

AIIC and AmTrust provided general commercial liability insurance coverage to one Yvonne Kathleen Holmes dba Detail Construction. There are three policies (collectively, "Policies") at issue:

- Plaintiff AIIC provided commercial general liability insurance to Yvonne Kathleen Holmes dba Detail Construction as the individual named insured on Policy No. NX100317300, which was in effect from April 8, 2012 through April 8, 2013 (2012 Policy).
- AmTrust provided commercial general liability insurance coverage to Holmes dba Detail Construction as the individual named insured on Policy No. XN102112101, in effect from April 8, 2013 through April 8, 2014 (2013 Policy) and again on Policy No. XN102112102 from April 8, 2014 through April 8, 2015 (2014 Policy).

(Id. ¶ 8 & Exs. A-C).

The complaint alleges that the Policies are based on standard Commercial General Liability Form CG0001 and include the following limitations:

- Under the Policies, plaintiffs are obliged to "pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." (Dkt. 1-1 Complaint, ¶ 9, Ex. A at ECF pp. 2, 12;

2

Dkt. 1-2 Complaint Ex. B at ECF pp. 2, 12; Dkt. 1-3 Complaint, Ex. C at ECF pp. 2, 12).

- The Policies further provide that plaintiffs have "the right and duty to defend the insured against any 'suit' seeking those damages" and "no duty to defend the insured against any 'suit' seeking damages for . . . 'property damage' to which this insurance does not apply." (Id., Complaint Ex. A at ECF p. 12; Ex. B at ECF p. 12; Ex. C at ECF p. 12).
- The Policies indicate that if the insured is an individual, then only the named insured and his or her spouse are insureds, but only with respect to the conduct of a business of which the insured is the sole owner. Plaintiffs provided coverage to Holmes dba Detail Construction. No corporation is an insured on any of the Policies, and the business form of the insured on each policy is listed as "individual." (Id., Complaint Ex. A at ECF pp. 2, 20; Ex. B at ECF pp. 2, 20; Ex. C at ECF pp. 2, 20).
- The 2012 and 2013 Policies include a "classification limitation endorsement" that limits coverage for fence erection activities. (Id. Complaint Ex. A at ECF pp. 4-5, 79, Ex. B at ECF pp. 4-5, 79)
- The 2014 Policy excludes any property damages that commenced before the April 8, 2014 inception date of that policy. (Id. Complaint, Ex. C at ECF pp. 12, 50).
- All Policies specifically exclude work on elevators and escalators and waterproofing of foundations and exterior buildings. (Id. Complaint, Ex. A at ECF p. 34; Ex. B at ECF p. 35; Ex. C at ECF p. 35).
- All Policies indicate that "Supplementary Payments" coverage for costs taxed against the insured is limited to "court costs" and does not include an award of attorney's fees. (Id. Complaint, Ex. A at ECF p. 19; Ex. B at ECF p. 19; Ex. C at ECF p. 19).

The complaint goes on to allege that, in applying for the Policies, Holmes submitted applications indicating that she was a residential fence contractor. On applications for the 2012

3

and 2013 Policies, under a section titled "description of operations," Holmes responded: "Fence Erection Contractor, contractor erects fences for residential homes. Very small contractor as you can see by the revenues." (Complaint ¶ 13). The insurance applications also asked if there were any affiliated or subsidiary entities, and Holmes' response was "no." (Id. ¶ 14). Plaintiffs claim that Holmes' representations were false and that the failure to disclose DCW constitutes concealment.

As previewed above, DCW has been sued in an action filed in Marin County Superior Court, *Volpe Company, Inc. v. Sausal Corp., et al.*, Case No. CV1402511 (*Volpe* or "underlying action"). *Volpe* concerns a public works project for construction of the City of Novato Administration Office. In that action, DCW is alleged to have contracted with Sausal Corp. (the general contractor) in August 2012 to perform all waterproofing operations on the project. In November 2013, the City of Novato gave Sausal and or DCW notice of defects in the construction, including water leaks. Volpe Company (a subcontractor on the project) filed the underlying action, claiming (among other things) that Sausal Corp. breached its contract with Volpe. In December 2015, Sausal filed a second amended cross-complaint against DCW (and others) on the claims for breach of contract, indemnity, and equitable contribution. (Complaint ¶ 11, Ex. D).

On April 8, 2016, AIIC agreed to defend DCW in *Volpe* under a reservation of rights, including the rights to (1) bring a declaratory relief action, (2) seek reimbursement of defense fees and costs and be paid to defend DCW in the underlying action, and (3) assert concealment in the insurance applications as a defense to coverage. (Complaint ¶¶ 12, 15). Plaintiffs now seek default judgment, contending that there is no insurance coverage for the *Volpe* matter because DCW was concealed on the subject insurance applications.

## LEGAL STANDARD

After entry of default, courts may, in their discretion, enter default judgment. Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint;

4

(4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

### A. Jurisdiction and Service of Process

Plaintiffs have satisfactorily established the existence of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiffs say that they are Ireland and Florida corporations and that DCW is a California company. (Complaint ¶¶ 1, 4-5). As for the amount in controversy, where (as here) the applicability of liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying claim. Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997). The record presented shows that Volpe seeks contract damages of no less than $459,768.00 against Sausal. (Dkt. 10-1, Shemonsky Decl., ¶ 8 & Ex. 1). And, the City of Novato has filed a cross-complaint against Sausal, seeking no less than $500,000 in damages, alleging (among other things) that Sausal acted negligently, such that the project was not water tight and water entered the building, causing damage to the structure, interior finishes, and other City property. (Id. ¶ 9 & Ex. 2). As discussed, Sausal has cross-complained against DCW for breach of contract, indemnity, and equitable contribution arising from the water leaks. (Complaint, Ex. D). Although there is no indication as to the precise amount for which DCW may be liable in the underlying action, on this record this court is satisfied that the potential indemnity obligation exceeds $75,000.

The court has personal jurisdiction over the defendant. The allegations of the complaint indicate that DCW regularly conducts business in this state. See generally Mavrix Photo, Inc. v.

United States District Court
Northern District of California

1 Brand Technologies, Inc., 647 F.3d 1218, 1223-24 (9th Cir. 2011) ("For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state.") (citations omitted).

Plaintiffs properly effected service by personally serving the summons and complaint. (Dkt. 7). See Fed. R. Civ. Proc. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and---if the agent is one authorized by statute and the statute so requires---by also mailing a copy of each to the defendant").

There is no indication that DCW is in active military service or is an infant or incompetent person.

### B. The Eitel Factors

All of the Eitel factors favor entry of default judgment here. Plaintiffs contend that there is no coverage under any of the Policies because Holmes' failure to disclose DCW constitutes concealment. Each party to an insurance contract "shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining." Cal. Ins. Code § 332. For an insurer to avoid coverage based on concealment, the undisclosed information must have been "material." Id. §§ 333, 334. "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." Thompson v. Occidental Life Ins. Co., 513 P.2d 353, 360 (Cal. S. Ct. 1973). "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance." Cal. Ins. Code § 331. However, "[t]he right to rescission of an insurance contract does not derogate the right to pursue other remedies," Allmerica Fin. Life Ins. & Annuity Co. v. Dalessio, No. C96-0385-VRW, 2006 WL 408538, at *2 (N.D. Cal., Feb. 20, 2006), and rescission is not the exclusive remedy available to an insurer by reason of the insured's concealment, Williamson & Vollmer Eng'g, Inc. v. Sequoia, Ins. Co., 134 Cal. Rptr. 427, 434-35 (Cal. Ct. App. 1976).

Plaintiffs have sufficiently alleged material concealment, and their claims have merit. According to the complaint's factual allegations, which are deemed true, Holmes provided responses on the applications for the 2012 Policy issued by AIIC and the 2013 Policy issued by AmTrust indicating that she was a small residential fence contractor (dba Construction Detail) and that there were no affiliated or subsidiary entities. (Complaint ¶¶ 13-14). DCW having tendered the defense of *Volpe* concerning DCW's waterproofing work on a large public works project, plaintiffs allege that the failure to disclose DCW constitutes concealment of a material fact. (Id.).

In further support of the present motion, plaintiffs have submitted evidence showing that DCW's website (which indicates that it was copyrighted in 2010):

- advertises commercial and public construction services, as well as residential projects; and
- indicates that DCW's work is not limited to residential fence installation, but also includes waterproofing, flooring, deck work, pool work, kitchen, bathroom, landscaping, hardscape, and new home construction.

(Shemonsky Decl. ¶¶ 13-14 & Ex. 4). Counsel avers that the insurance applications at issue also asked for the value of the largest current or planned job and largest job in the past three years, and the responses referred to a value of $5,000. (Id. ¶ 14). Plaintiffs say that the public works contract at issue in *Volpe* was for a value of $235,270.00. (Id.). Although the *Volpe* contract was executed after the application for the 2012 Policy, plaintiffs maintain that the *Volpe* contract still establishes concealment as to the application for the 2013 Policy. And, while the *Volpe* public works project did not begin until after the 2012 Policy application, plaintiffs point out that DCW's website shows that the company was engaged in commercial work on other projects before the application for the 2012 Policy. (Id., Ex. 4).

The amount of money at stake is significant, but not disproportionate to the issue in dispute. Because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, defendant received proper notice of this lawsuit, but has failed to appear or present a defense in this matter. There is no indication that its default was due to excusable neglect. While the court prefers to decide matters on the merits, defendant's failure

to participate in this litigation makes that impossible. A default judgment against defendant is plaintiffs' only recourse.

### C. Claim for Reimbursement

Having reviewed the supporting records submitted by plaintiffs, this court finds that the request for $4,237.05 in costs incurred in the underlying action, as well as for $468.95 paid for the filing fee and service of process in the instant federal suit, is amply supported by the record. (Dkt. 10-1 Shemonsky Decl., ¶¶ 15-16 & Ex. 5 at ECF pp. 47-50; Dkt. 10-2 Harris Decl. ¶¶ 1-2 & Ex. 1; Dkt. 19-1 Amended Harris Decl. ¶¶ 1-2 & Ex. 1).

## ORDER

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiffs' motion for default judgment be granted and that judgment be entered as follows:

- There is no potential for coverage and no duty to defend DCW under AIIC Policy No. NX100317300 for the policy period of April 8, 2012 to April 8, 2013;
- There is no potential for coverage and no duty to defend DCW under AmTrust Policy No. XN102112101, effective April 8, 2013 through April 8, 2014;
- There is no potential for coverage and no duty to defend DCW under AmTrust Policy No. XN102112102, effective April 8, 2014 through April 8, 2015;
- The above-identified policies do not provide any duty to indemnify DCW for any damages which DCW may become legally obligated to pay in the underlying *Volpe* action or for any attorneys' fees taxed as costs against DCW;
- For reimbursement of $4,237.05 in defense fees and costs paid in defense of the *Volpe* action; and
- For costs of suit incurred here in the sum of $468.95.

Plaintiffs are ordered to serve a copy of this recommendation on DCW. Any party may serve and file objections to this Report and Recommendation within fourteen days after being

served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

Dated: May 3, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-06042-HRL Notice has been electronically mailed to:

Lisa Gayle Shemonsky     lshemonsky@hirschclosson.com

Robert V. Closson     bclosson@hcmslegal.com